### CLEVELAND METROPOLITAN HOUSING AUTHORITY v SACHEROFF, et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18454. Decided Jan 19, 1942

Don P. Mills, Cleveland, for plaintiff-appellee.

Philip Schoenberg, Cleveland, for defendants-appellants.

## OPINION

By MORGAN, J.

The plaintiff instituted a proceeding in the Court of Common Pleas of Cuyahoga County to appropriate land under and by virtue of the Housing Authority Law, §1078-29 to §1078-50, and §1078-51 to §1078-61(a), inclusive, GC.

The case was tried to a jury which assessed the compensation for the appropriation of the property in the sum of $5400.00.

Louis Sacheroff, one of the defendants, filed his notice of appeal in the case. The principal errors complained of are:

1. That all necessary and proper persons having an interest in the property were not made parties.

2. Error by the court in refusing to charge before argument as requested.

Sec. 1078-34(a) GC, provides that appropriation proceedings brought by the Metropolitan Housing Authority are governed by the statutes providing for appropriation proceedings by municipal corporations, which are found in §3677 to §3697 GC.

The return of the Sheriff shows that all of the parties defendants were duly served and were properly notified of the preliminary hearing provided for in §3682 GC.

There is no assignment of error that there is a defect in the parties defendants. If any of the parties defendants have no interest in the premises being appropriated, then such fact can be taken care of in the order of distribution of the funds awarded by the jury as damages. On the other hand, if all of the owners or persons having an interest in the property have not been made parties to this proceeding, and are in no way represented in the proceeding, then their rights cannot be affected by any verdict or judgment on this action. Certainly, the interest of the appellant, Louis Sacheroff, cannot be prejudiced if all parties having an interest in the property are not brought into this proceeding. He cannot be held to complain so long as he is fully and adequately compensated for whatever interest he may have in the land appropriated.

The appellant asked for fifteen instructions to be given before argument. There was no request that they be given separately, but only in a series or as an entirety. Some of these requests stated proper abstract propositions of law, but were not concretely applied to the facts of the case. The principal, and generally the only issue before the jury in an appropriation proceeding is the reasonable value of the property to be taken. The charges referred to had no direct relation to the issue in the case.

Among the requested charges were the following:

"No. 1. Private property shall not be taken for public use without just compensation."

"No. 2. (1) Right to freedom and protection of property:—All men are by nature free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."

"No. 16. I say to you, as a matter of law, that banks are limited in the amount of money they can loan upon real estate to the extent of not more

than 50 percent of the appraised value of the real estate, if such loan is made for the term longer than five years, and not to exceed 60 percent of the appraised value of such real estate, if for a period of not longer than ten years."

The above requests are selected somewhat at random from among the requested instructions. The first two of the above requests to charge are statements of abstract propositions and the last a statement of alleged facts which are not pertinent to the principal issue in an appropriation proceeding.

A court may properly refuse to give a series of instructions re- quested if any of the requested instructions are erroneous or improper. **39 O. Jur. 1047.**

The verdict and judgment in this case are therefore affirmed. Exceptions may be noted.

LIEGHLEY, PJ. and SKEEL, J., concur.